# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

# WESTERN DIVISION

Mahmoud Alili

       Plaintiff

V.

Ruoff Mortgage Company Inc.,

NewRez Llc. (DBA Shelpoint Mortgage servicing)

AmeriHome Mortgage Company Llc.

Western Alliance Bancorporation

ServiceMac Llc.

       Defendants

Case No. **1:25CV876**

Judge **JUDGE HOPKINS**

MAGISTRATE JUDGE LITKOVITZ

## COMPLAINT

    Comes now, the Plaintiff in the above captioned matter and Brings this action before this Court Pursuant to Ohio Revised Code ss. 1302.5 and request that the court limit the application of the transferability clause of a mortgage note (under 1) BORROWERS PROMISE TO PAY)(see Ehibit A) for the purchase of a property located at 3101 Diehl Road, Cincinnati, Ohio 45211 situated within the bounds of Hamilton County, Ohio. While it would seem to be a industry standard clause of a mortgage Contract, this particular mortgage has been transferred three times within a six month period which is anything but normal, it has placed an undue burden on the plaintiff, cost him time and money and adversely affected his credit, and caused additional mental anguish. We would put forth the proposition that the actions of the above named defendants in concert and individually amount to an abusiveness.

    The Plaintiff in this matter while a citizen, States English is not his first language, and that the transferability clause contained in the Mortgage note was not properly explained, I.e. he was under the impression that his mortgage note may be sold at sometime in the future by Defendant Ruoff Mortgage Company but certainly not that it would be transferred 3 times in a six month period, and not that his acceptance of the transferability clause would continue on to every other company in fact if it continues at this rate his note will transfer 180 times over the

life of a typical 30 year note.  While the Defendants may allege that this is not typical, it is for this reason we are requesting This Honorable Court Place some sort of guard rails for the protection of the plaintiff and all others subjected to similar clauses. Further Plaintiff Alleges that there are several parts of the note that list the borrowers right to transferor pre pay that are in bold and deal with the title of that named clause,  but the mortgage company's  right to transfer is deceptively placed ( incidentally or intentionally) under Borrowers promise to pay. Plaintiff alleges that such an item should be under its own clause. Further Plaintiff attempted to contact all the above Defendants, explained how this was putting additional burdens that were not adequately described in the note (see Exhibit A) basically Plaintiff was told there was nothing he could do and that it can be sold as many times as it could be. Further he was stonewalled when he asked to speak to supervisors and with respect to Defendant Amerihome, he was told that customer service was the only people he could spear to they refused to provide a number to escalate the matter there seems there seems there is a pervasive stonewalling to insulate others in the corporate structure.

## VENUE

VENUE is proper as the majority of the events took place within the western division of the Southern District of Ohio.

## JURISDICTION

JURISDICTION is established through Diversity of citizenship as Plaintiff is a resident of Hamilton County ,Ohio and all Defendants are Corporations of other states.

PLAINTIFF, Prays for relief as follows, Injunctive relief insofar as the court may place limitations on how transferability of notes may be established to avoid undue burden placed on the borrower.

COMPENSATORY  damages in the amount $15,000 cumulatively between all defendants

PUNATIVE damages in the amount of $20,000 each Defendant.

Respectfully submitted, this 26th day of November 2025.

Mahmoud Alili , Plaintiff Pro Se _____

595 creekside Dr.apt 206

Fairfield,OH 45014

EXHibit A

# NOTE

ALILI
Loan #: 4000229731
MIN: 100944300017063133

JANUARY 7, 2025
[Note Date]

FORT WAYNE,
[City]

INDIANA
[State]

3101 DIEHL RD, CINCINNATI, OH 45211
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan in the amount of U.S. $368,600.00 (the "Principal") that I have received from RUOFF MORTGAGE COMPANY, INC. (the "Lender"), I promise to pay the Principal, plus interest, to the order of the Lender. I will make all payments under this Note in U.S. currency in the form of cash, check, money order, or other payment method accepted by Lender.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of the Principal has been paid. I will pay interest at a yearly rate of 7.000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month. This amount is called my "Monthly Payment."

I will make my Monthly Payment on the 1ST day of each month beginning on MARCH 1, 2025. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each Monthly Payment will be applied as of its scheduled due date and will be applied to interest before the Principal. If, on FEBRUARY 1, 2055, I still owe amounts under this Note, I will pay those amounts on that date, which is called the "Maturity Date."

I will make my Monthly Payments at 1670 MAGNAVOX WAY, FORT WAYNE, IN 46804 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My Monthly Payment will be in the amount of U.S. $2,452.30. This payment amount does not include any property taxes, insurance, or other charges that I may be required to pay each month.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will notify the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the Monthly Payments then due under this Note.

MULTISTATE FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200  07/2021
Page 1 of 4

EX  25454.9

