**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MAHMOUD ALILI,                              :
                                 :
    *Plaintiff*,                              :   Case No. 1:25-cv-876
                                 :
vs.                                        :   Judge Jeffery P. Hopkins
                                 :
RUOFF MORTGAGE COMPANY,                     :
INC., *et al.*,                            :
                                 :
    *Defendants*.                              :

---

## ORDER

---

Plaintiff Mahmoud Alili initiated this action pro se against Defendants Ruoff Mortgage Company, LLC, Newrez, LLC, AmeriHome Mortgage Company, LLC, Western Alliance Bank, and ServiceMac, LLC. Though the allegations in his Complaint are unclear, the Court discerns that Plaintiff's claims arise from transfers of a mortgage note. Doc. 1, PageID 1–2. Two groups of Defendants have since moved to dismiss under the Federal Rules of Civil Procedure. Defendants AmeriHome Mortgage and Western Alliance Bank have moved to dismiss under Rules 12(b)(1) and 12(b)(6). Doc. 19. Defendants Ruoff Mortgage Company, Inc. and Newrez, LLC have moved to dismiss under Rule 12(b)(6). Doc. 21. Plaintiff responded to one of these motions, though the Court cannot distinguish to whom the response was directed towards.[1] Doc. 22. Neither could the defendants. As such, both groups of Defendants filed replies to their respective motions. Docs. 23, 24. For the reasons

---

[1] The Court also notes that Plaintiff's response was untimely as to both motions to dismiss.

below, this matter is subject to dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1).

## I.      LAW AND ANALYSIS

Because jurisdictional issues precede consideration of the merits and because the Court concludes that they are dispositive here, the Court addresses only jurisdiction in this Order. *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first[.]" (cleaned up)).

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Thus, this Court has a duty to confirm whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In a case like this one, where a defendant challenges the Court's jurisdiction under Rule 12(b)(1), "the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). If subject-matter jurisdiction is lacking, dismissal under Rule 12(b)(1) is without prejudice because it "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Defendants

2

AmeriHome Mortgage and Western Alliance Bank move to dismiss this case under Rule 12(b)(1) on the basis that Plaintiff has not established that this Court has diversity jurisdiction over this matter and targets Plaintiff's burden as to the amount in controversy requirement. Doc. 19, PageID 130. In the Complaint, Plaintiff requests compensatory damages and punitive damages. Doc. 1, PageID 2. Plaintiff also asks for injunctive relief in the form of "limitations on how transferability of notes may be established to avoid undue burden placed on the borrower."[2] *Id.* Defendants AmeriHome Mortgage and Western Alliance Bank assert that:

> Because Plaintiff's claims for damages are vague especially as they pertain to punitive damages, it is reasonably appropriate to conclude that Plaintiff's claim for punitive damages of "$20,000 each defendant" means $20,000 cumulatively from all defendants, as Plaintiff is also seeking compensatory damages cumulatively in the amount of $15,000 against *all* defendants. Thus, Plaintiff's total amount in controversy is $35,000 ($20,000.00 punitive damages plus $15,000.00 compensatory damages) which is below the $75,000 amount in controversy requirement set forth by 28 U.S.C. § 1332(a).

Doc. 19, PageID 130. Defendants raised a cognizable jurisdictional challenge under Rule 12(b)(1), thus Plaintiff had the burden of proving that jurisdiction exists. *Rogers*, 798 F.2d at 915. But rather than respond to Defendants' assertions regarding damages and clarify the amount of compensatory and punitive damages sought, Plaintiff vaguely states that "Defendants clearly have not reflected of [*sic*] the costs Plaintiff has incurred as a result of the mortgage transfer and the damage to his personal credit . . . " Doc. 22, PageID 243. This does

---

[2]  The Court recognizes that as here, "[i]n actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Though the mortgage note is central to Plaintiff's claim, that does not appear to be the object of the litigation based on the relief that Plaintiff seeks—*i.e.*, limits on transferability of the mortgage note, not relief from the enforceability of the amount owed on the mortgage. Based on the limited allegations set forth in the Complaint, the Court is not in a position to speculate as to the corresponding value that may be tied to Plaintiff's request for injunctive relief.

not elucidate the confusion, or more importantly, instill confidence that the amount in controversy satisfies the $75,000 or above threshold. Plaintiff has therefore failed to meet his burden of showing that the amount in controversy is satisfied here. *See Durant v. Servicemaster, Co.*, 109 F. App'x 27, 29 (6th Cir. 2004) ("The party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $ 75,000." (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) ("[A]s the party invoking federal jurisdiction, Charvat bore the burden of satisfying the requirements of federal jurisdiction, including as here where punitive damages account for a significant portion of the amount-in-controversy requirement." (internal citations omitted)).

The Court also notes that it is not apparent that punitive damages are available here. Plaintiff seemingly asserts a breach of contract claim. The Supreme Court of Ohio has reiterated, time and again, that punitive damages are not recoverable for a breach of contract, and that punitive damages are only awardable for tortious conduct. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St. 3d 453, 462–63 (2018) (explaining that when claims sound in contract and in tort, punitive damages cannot be awarded for the breach of contract, only for the tortious conduct). Plaintiff has not framed plausible allegations sounding in tort. Although punitive damages must be aggregated with other damages when considering the amount-in-controversy requirement, they are excludable when it is not apparent "to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Thus, to the extent that Plaintiff's claims do not sound in tort, punitive damages would be insufficient to satisfy the amount in controversy requirement to establish jurisdiction.

For these reasons, the Court lacks subject-matter jurisdiction over this action.

## II.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Motion to Dismiss filed by Defendants AmeriHome Mortgage Company, LLC and Western Alliance Bank (Doc. 19), **DENIES AS MOOT** the Motion to Dismiss filed by Defendants Ruoff Mortgage Company, Inc. and Newrez LLC (Doc. 21), and **DISMISSES** Plaintiff's Complaint (Doc. 1) **WITHOUT PREJUDICE**. Because Plaintiff had the opportunity to directly respond on the issue of the amount in controversy and failed to do so, and because Plaintiff has not requested leave to amend, the Court declines to grant Plaintiff leave to amend sua sponte. The Court **ORDERS** the clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

**IT IS SO ORDERED.**

June 23, 2026

Jeffery P. Hopkins
United States District Judge

5